

# The Attorney General of Texas

August 5, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. William S. Nail
Executive Director
Texas State Board of Dental Examiners
411 West 13th Street, Suite 503
Austin, Texas   78701

Opinion No.  MW-501

Re:   Constitutionality   of
Dental Practice Act provision
relating to solicitation

Dear Mr. Nail:

You have requested our opinion regarding the constitutionality of that provision of the Dental Practice Act, article 4548g, V.T.C.S., which relates to solicitation.  Specifically, you ask whether the following provision of the statute is constitutional:

> It shall be unlawful for any person, firm, or corporation to engage in or be guilty of any unprofessional conduct pertaining to dentistry directly or indirectly.  Any unprofessional conduct, as used herein, means and includes any one or more of the following acts:
>
> ....
>
> (2) soliciting dental business by means of verbal communication, in person or otherwise, directed to an individual or group of less than five individuals, which is primarily for the purpose of attracting the patronage of such individual or group to a particular practice of dentistry.

"Verbal" in common usage means spoken or oral communication.  Black's Law Dictionary 1397 (5th ed. 1979); see also Pyramid Drilling Company v. Howell, 173 S.W.2d 250, 253 (Tex. Civ. App. - Texarkana 1943, writ ref'd w.o.m).

In Virginia Pharmacy Board v. Virginia Consumers Council, 425 U.S. 748 (1976), the United States Supreme Court issued the first of a series of decisions striking down state prohibitions on professional advertising.  In subsequent decisions, the Court upheld statutory restrictions on the time, place and manner of advertising by professionals, provided that the restrictions were:  made without reference to the content of the material, served a significant

governmental interest, and left open ample alternative channels for the communication of the information. <u>See Bates v. State Bar of Arizona</u>, 433 U.S. 350 (1977); <u>Ohralik v. Ohio State Bar Association</u>, 436 U.S. 447 (1978); <u>Friedman v. Rogers</u>, 440 U.S. 1 (1979). <u>See also In the Matter of R.M.J.</u>, 50 U.S.L.W. 4185 (1982).

In <u>Ohralik</u>, <u>supra</u>, the Court specifically upheld a state prohibition on the solicitation of business by attorneys through direct, in-person communication. The Court noted that:

> in-person solicitation may exert pressure and often demands an immediate response, without providing an opportunity for comparison or reflection.

Its:

> aim and effect... may be to provide a one-sided presentation and to encourage speedy and perhaps uninformed decisionmaking.

436 U.S. at 457.

The Court observed that the disciplinary rules at issue did not prevent the appellant from "communicating information to these young women about their legal rights and the prospects of obtaining a monetary recovery, or from recommending that they obtain counsel." They merely prevented him from using the information as bait "with which to obtain an agreement to represent them for a fee." <u>Id.</u> at 458. According to the Court, the rules acted merely to promote a "compelling" state interest, that of preventing "those aspects of solicitation that involve fraud, undue influence, intimidation, overreaching and other forms of 'vexatious conduct.'" <u>Id.</u> at 462.

To the extent that subsection (2) of article 4548g merely enacts the criteria set forth in <u>Ohralik</u>, we believe it is constitutional. Since we are obliged to construe every statute in such a way that it will meet constitutional standards, it is our opinion that subsection (2) is, on its face, constitutional insofar as it prevents "those aspects of solicitation that involve fraud, undue influence, intimidation, overreaching and other forms of 'vexatious conduct.'"

You also ask whether the prohibitions of subsection (2) are in conflict with section 1(b) of article 4548f, V.T.C.S., which provides:

> The Board may not adopt rules restricting competitive bidding or advertising by a person regulated by the Board except to prohibit false, misleading, or deceptive practices by the person.

No conflict exists between section 1(b) of article 4548f and subsection (2) of article 4548g, because section 1(b) prevents the board, not the legislature, from adopting rules restricting advertising.

Finally, you ask whether the following acts are contrary to the prohibition of article 4548g(2):

> (1) a mass mail-out soliciting dental business to 100 persons;

> (2) stuffing union envelopes with dental cards or dental information;

> (3) mail-out to all newcomers to a city; and

> (4) passing out dental leaflets to shoppers in a mall.

Subsection (2) prohibits verbal solicitation on an individual or small group basis. If a dentist were to distribute dental leaflets to shoppers in a mall, he would probably be in contact with fewer than five persons in any particular instance. If, however, he merely distributed the leaflets, without comment, he would not be in violation of subsection (2) because the element of "verbal communication" would be missing. In addition, since the leaflet might merely furnish dental information, it is clear that not every distribution of dental leaflets would necessarily constitute "soliciting dental business."

On the basis of the limited facts you have furnished, we cannot determine whether the distribution of dental leaflets to shoppers in a mall would violate subsection (2). None of the other three fact situations would appear to contravene that prohibition.

## S U M M A R Y

> The provision of the Dental Practice Act, article 4548g, V.T.C.S., which relates to solicitation is constitutional on its face.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
George Warner